# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN NORRIS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. |
| ) | 18-11610-FDS |
| v. ) | |
| ) | |
| LISA MITCHELL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Kevin Norris is an inmate at the Massachusetts Treatment Center. In 1992, Norris was convicted of three counts of aggravated rape, three counts of armed robbery, one count of assault with a dangerous weapon, and one count of breaking and entering.[1] He was sentenced to five concurrent terms of twenty-five to forty years in state prison. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondent Lisa Mitchell has moved to dismiss the petition, contending that Norris's petition is time-barred under 28 U.S.C. § 2244(d)(1). For the following reasons, the motion will be granted.

---

[1] Norris's habeas petition and various state-court opinions identify that he was convicted of breaking and entering. However, respondent's petition and Norris's state court docket, which the Court relies on for the factual and procedural background of this case, do not identify that he was convicted of breaking and entering. Because this issue is not disputed by the parties and has no bearing on the outcome of this decision, the Court will consider Norris as having been convicted of breaking and entering.

## I. Background

On July 17, 1992, Norris was convicted by a Suffolk County jury of three counts of aggravated rape, three counts of armed robbery, one count of assault with a dangerous weapon, and one count of breaking and entering. (Resp. Mem. Ex. 1 at p. 6-7). He was sentenced to five concurrent terms of twenty-five to forty years in state prison for the three aggravated rape convictions and for two of the armed robbery convictions. (*Id.* at p. 7). He also received shorter concurrent sentences on the remaining convictions. (*Id.*).

On March 7, 1996, the Massachusetts Appeals Court affirmed the convictions. *Commonwealth v. Norris*, 40 Mass. App. Ct. 1107 (1996). On April 29, 1996, the Supreme Judicial Court denied further appellate review. *Commonwealth v. Norris*, 422 Mass. 1107 (1996). Norris did not file a writ of certiorari with the United States Supreme Court.

On May 20, 1998, Norris filed a motion for a new trial. (Resp. Mem. Ex. 1 at p. 13). On October 22, 1999, the Massachusetts Appeals Court denied his motion. *Commonwealth v. Norris*, 48 Mass. App. Ct. 1105 (1999). The SJC denied further appellate review on September 8, 2000. *Commonwealth v. Norris*, 432 Mass. 1108 (2000).

Since September 8, 2000, Norris has filed six additional motions for a new trial, all of which have been denied or dismissed by the Massachusetts Appeals Court and the SJC. *Commonwealth v. Norris*, 2017 WL 384415, at *1 (Mass. App. Ct. Jan. 26, 2017).

Norris has also filed a petition for a writ of habeas corpus in 2005, which was dismissed with prejudice on June 26, 2006, as time-barred under 28 U.S.C. § 2244(d)(1). *Norris v. O'Brien*, 1:05-cv-11353-MLW.

On July 31, 2018, Norris filed this petition for a writ of habeas corpus. Respondent has moved to dismiss the petition as time-barred.

## II. Analysis

### A. Limitations Period

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner has one year from the date in which the judgment against them became final, either "by the conclusion of direct review or the expiration of the time for seeking such review," to file a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). Judgments are final at the end of the ninety-day period during which the prisoner may petition for certiorari with the United States Supreme Court. *Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004).

The statute excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The statute also provides exceptions to the one-year limitations period if an untimely filing was caused by the state, new constitutional rights have been created by the Supreme Court, or new evidence has been discovered. 28 U.S.C. § 2244(d)(1)(B)-(D). In addition, equitable tolling of the limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented timely filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005). To establish grounds for equitable tolling, a habeas petitioner must demonstrate both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted)). Courts must apply equitable tolling cautiously, as "equitable tolling is 'the exception rather than the rule.'" *Holmes v. Spencer*, 685 F.3d 51, 62 (1st Cir. 2012) (quoting *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007)).

Here, the SJC denied further appellate review of Norris's conviction on April 29, 1996. Because Norris did not file a petition for certiorari with the Supreme Court, his conviction became final ninety days later, on July 28, 1996. The limitations period expired one year later, on July 28, 1997. Norris did not file for post-conviction relief until May 20, 1998, 297 days after the limitations period expired. His first habeas petition was dismissed as time-barred because it was filed on June 27, 2005, nearly eight years after the limitations period expired. He does not contend that any of the exceptions under 28 U.S.C. § 2244(d)(1)(B)-(D) apply.

B.     **Equitable Tolling**

Norris contends that equitable tolling is warranted because he has been pursuing his rights diligently, and because various extraordinary circumstances have prevented him from making a timely filing. He appears to contend that because he has pursued the claim of ineffective assistance of counsel throughout his motions for a new trial, he has been diligently pursuing his rights. However, he has presented no evidence that he took steps to pursue his rights during the one-year limitations period, and it is undisputed that he did not formally seek post-conviction relief until nearly a year after the limitations period had run. Accordingly, there is no basis to conclude that he has been reasonably diligent in pursuing his rights. *See Drew v. MacEachern*, 620 F.3d 16, 23-24 (1st Cir. 2010) (holding that petitioner who did not take post-conviction relief action for six years after the expiration of his limitations period was not reasonably diligent in pursuing his rights).

Next, Norris contends that extraordinary circumstances warrant equitable tolling. He alleges that his history of mental health issues; his repressed personal information due to childhood trauma that was not provided to the sentencing court; new research concerning adolescent brain development; an expert's opinion that he may have been incompetent to stand

4

trial but did not undergo an evaluation; and an alleged admission that his trial counsel failed to investigate his mental health, all militate in favor of tolling.

To toll the statute of limitations under 28 U.S.C. § 2244(d), there must be a causal link between the extraordinary circumstances and the late filing. *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Likewise, for a mental illness to toll the statute of limitations, there must be a causal link between the illness and the inability to meet a filing deadline. *Riva*, 615 F.3d at 40. An argument based on the merit of the habeas petition, rather than the extraordinary circumstances that prevented a timely filing, is not a basis for equitable tolling. *See Cordle*, 428 F.3d at 49 (holding that petitioner's argument of insufficient evidence and deficient jury instructions had no bearing on preventing timely filing); *see also Robles v. O'Brien*, 465 F. Supp. 2d 84, 86 (D. Mass. 2006) (holding that petitioner's argument for ineffective assistance of counsel was not an extraordinary circumstance preventing timely filing).

Norris does not contend that any of his allegedly extraordinary circumstances caused him to file an untimely petition. *See Blue*, 913 F.3d at 8. In particular, he does not contend that his mental-health issues prevented a timely filing. *See Riva*, 615 F.3d at 40. The other alleged extraordinary circumstances go to the merits of his habeas petition, and appear to have no bearing on whether he was able to file his petition in a timely fashion. *See Cordle*, 428 F.3d at 49; *Robles*, 465 F. Supp. 2d at 86.[2] Accordingly, there is no apparent basis for equitable tolling.[3]

---

[2] To make a showing of extraordinary circumstances based on new evidence, the evidence must point to a finding of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The petitioner must demonstrate that in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Norris does not contend that the newly discovered scientific research into adolescent brain development would have led to a finding of actual innocence or would have caused a reasonable juror to be unable to find him guilty beyond a reasonable doubt. *See McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 329.

[3] There also appear to be additional grounds on which to dismiss the present petition that were not raised in

### III.     Conclusion

For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED.

**So Ordered.**

Dated:  July 1, 2019

/s/  F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge

---

respondent's motion.  First, it appears that Norris has filed a second petition for habeas corpus without moving in the court of appeals for an order authorizing this court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A).  Second, Norris presents claims in his petition that were either presented in his previous petition or that were not presented in his previous petition but do not satisfy any exception provided in 28 U.S.C. § 2244(b)(2)(A)-(B)(ii).